# Cases

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## May, 1885.

---

JOHN SWAN AND OTHERS, RESPONDENTS, *v.* ROBERT P. CHANDLER AND OTHERS, APPELLANTS.

*General average — what losses and expenses do not constitute.*

This action was brought by the owners of a vessel upon a bond given by the defendants, the consignees of a portion of the cargo thereof, by which they agreed to pay their proportionate part of certain losses and expenses which had been or might be incurred and which might "constitute a general average," to be apportioned on the said vessel, her freight and cargo. It appeared that the vessel, while sailing from Bath, Maine, to New York, was injured by a collision near Block Island channel, and was towed into New London at an expense of some eight dollars. Thereafter the vessel was there repaired and towed from New London to New York, under a contract made by the master, at an expense of some $1,200.

*Held,* that the defendants were not liable for any portion of the expense incurred in repairing the vessel or in towing it from New London to New York.

APPEAL from a judgment, entered upon a verdict in favor of plaintiffs, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover an apportionment in general average upon a bond and statement of loss, in so far as that constituted a general average.

The defense was that the defendants were not liable in general average.

The schooner "Mary Lord," on or about the 5th day of Novem-

ber, 1883, sailed from Bath, Maine, having on board a full cargo of lumber, a part of which was consigned to Messrs. Chandler & Du Bois, these defendants and appellants, at New York, and a part to Messrs. Simpson, Clapp & Co., New York. All to be delivered at New York or vicinity.

On the morning of the eighth of November, just past midnight, while said schooner was proceeding on her voyage in Block Island channel, she collided with the schooner "Regina," and received some damage. She was towed into New London, Connecticut, at an expense of eight dollars. On her arrival in New London, Samuel L. Lord, the master of the schooner, contracted with or employed one T. A. Scott, a wrecker, to pump the schooner and tow her to New York, agreeing to pay Scott a sum not exceeding $1,200 for his services. Lord put the schooner in charge of Scott and went to New York. After Scott had pumped the schooner, he towed her to New Haven and then left her and employed another tug to tow her to New York, and put another captain in charge.

*A. J. Heath*, for the appellants.

*Joseph A. Shoudy*, for the respondents.

BARNARD, P. J.:

The plaintiff obtained no additional right by the execution of the bond. That bond was given to pay the claim, if valid, upon the principle of general average. The facts do not show any valid claim upon the bond beyond eight dollars. The defendants had lumber on board plaintiffs' vessel as freight. The vessel was disabled by collision in Block Island sound, but no unusual expense was incurred until the vessel drifted to a point near New London, when she engaged assistance from a tug, and went into New London harbor. The charge and the papers evidencing the disaster cost eight dollars. Then the vessel had three remedies: It could claim freight *pro tanto;* it could repair and finish the journey to the point of delivery; it could engage other transportation to earn the freight. When the disability of the ship is inevitable or accidental, without fault of the owners or master, freight is due if the master will either mend the ship or freight another, but if the merchant will not agree

to that, then freight is due for so much as the ship has earned. (Parker's Law of Shipping, 404.)

The cost of the repairs made upon the ship is not subject to general average, unless such repair was necessary for the preservation of the property. This cannot be claimed. The vessel and cargo were safe in New London harbor, and were there subject to no peril. It was a safe port of refuge. Conceding that the master could carry the cargo to New York, the port of delivery, in the vessel, that would only excuse time for reasonable delay in making repairs. In no event could the vessel hire towing from the port of refuge to the port of delivery and claim the cost to be subject to average. The vessel could do so to earn the freight, but could not charge an additional sum to the freight as if it had been incurred in a common danger to ship and cargo, and the damage was necessary to the preservation of either, in whole or in part. There is, therefore, nothing which was paid out after the vessel left New London which is subject to the maritime principle of average.

The judgment should therefore be reversed, and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.